WU LIN, Petitioner,

v.

Peter D. KEISLER, Acting U.S. Attorney General,[1] Respondent.

No. 05–6204–ag.

United States Court of Appeals, Second Circuit.

Oct. 31, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Lin Li, New York, NY, for Petitioner.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Wu Lin, a native and citizen of the People's Republic of China, seeks review of a November 7, 2005 order of the BIA affirming the August 17, 2004 decision of Immigration Judge ("IJ") Theresa Holmes Simmons denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wu Lin,* No. A95 100 848 (B.I.A. Nov. 7, 2005), *aff'g* No. A95 100 848 (Immig. Ct. N.Y. City Aug. 17, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing

with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Here, substantial evidence supports the IJ's adverse credibility determination. The IJ accurately observed that Lin stated in his credible fear interview that he attempted to apply for a marriage license in October 2001, but he testified at the hearing that this event occurred in December 2002. Lin's challenge to the reliability of the credible fear interview worksheet is unavailing when he did not dispute that he had given the October 2001 date at his credible fear interview, and he conceded that the date was "made up" by a snakehead. Cf. Ramsameachire v. Ashcroft, 357 F.3d 169, 179–80 (2d Cir.2004). As such, the IJ reasonably discredited this explanation. See Majidi v. Gonzales, 430 F.3d 77, 80–81 (2d Cir.2005). Because this discrepancy involved the crux of Lin's claim that he was beaten by family planning officials and his girlfriend suffered a forcible abortion in December 2002, it substantiated the IJ's adverse credibility finding. See Secaida–Rosales v. INS, 331 F.3d 297, 308 (2d Cir.2003).

In reaching her adverse credibility finding, the IJ also reasonably relied on an inconsistency between Lin's testimony that he was in hiding at his cousin's home in December 2002, and a receipt he submitted, which indicated that he paid a fine levied by birth control officials during that time. While Lin contends that his parents paid the fine, the receipt, dated December 20, 2002, indicated that Lin was the "payer" of the fine.

Although we have identified flaws in the IJ's decision, this case need not be remanded because we can predict with confidence that the agency would adhere to the same decision, absent any error. See Xiao Ji Chen, 471 F.3d at 339–40. Because the only evidence of a threat to Lin's life or freedom or a likelihood that he would be subjected to torture with regard to his family planning claim depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT, to the extent those claims were all based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). As such, we need not reach any claim based on Lin's own "other resistance." See 8 U.S.C. § 1101(a)(42)(B); see also Shi Liang Lin, 494 F.3d at 308.

Lastly, we deem waived any challenge to the denial of Lin's CAT claim to the extent it was based on his alleged illegal departure from China because he has failed to raise it in his brief to this Court. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).